WO                                                                                    SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Takisha M. Johnson, | No.    CV 22-00537-PHX-JAT (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff Takisha M. Johnson, who is confined in the Arizona State Prison Complex-Perryville, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1), an Application to Proceed In Forma Pauperis (Doc. 2), and a motion for appointment of counsel (Doc. 3).  The Court will grant the Application, deny the motion, and dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $72.40.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

In her one-count Complaint, Plaintiff asserts a claim for threat to safety.  Plaintiff sues Arizona Department of Corrections, Rehabilitation, and Reentry (ADC) Director David Shinn and Perryville Complex Deputy Warden Bendell.  Plaintiff seeks injunctive, compensatory, and punitive relief and her costs.

Plaintiff alleges the following facts:

At some point, Plaintiff was assigned a prison job as a maintenance helper. Although ADC policy provides that workers are to receive safety training and equipment, Plaintiff was "forced" to work in hazardous conditions without training or equipment. Plaintiff was unable to avoid safety hazards because ADC policy provides that prisoners are required to finish all work assignments and that the refusal to do so will result in being charged with a major disciplinary infraction.

On July 7, 2021, Plaintiff was required to work on the roof of Lumley Housing Unit D; the roof was in a "major state of disrepair and decay."  Plaintiff had no safety gear or training and there was little to no supervision in what she characterizes as a hazardous environment.  Plaintiff was ordered to climb down an approximate six-foot high wall into a pit housing swamp coolers[1] (evaporative coolers).  Plaintiff is less than 5 feet tall.  The pit was filled with debris and animal feces, was wet and slippery, and there was no ladder or railing.  Plaintiff fell as she attempted to climb down the wall as ordered and was seriously injured.

The condition of the roof and lack of ladders significantly delayed the arrival of medical personnel.  When medical staff did arrive, they ordered officers to call 911.  First

[1]  Although unclear, the "pit" was apparently on the roof and Plaintiff apparently had to descend from a second story roof to the roof where the pit was located.

responders arrived but a gate surrounding the building prevented them from being able to drive their vehicles onto or near the roof where Plaintiff was injured, leaving her "trapped" on the roof in excruciating pain.  An additional fire truck, with a ladder that could extend over the building from outside the gate, was summoned in order to reach Plaintiff.

According to Plaintiff, the gate's dimensions did not comply with fire codes and significantly delayed Plaintiff's rescue.  Plaintiff was eventually retrieved from the roof and taken to a hospital where she received emergency surgery.  Despite Plaintiff's experience and grievance, no action has been taken to correct the hazardous conditions in which she was required to work.

Plaintiff's ankle was broken in three places and dislocated, which required surgery and implanted hardware.  Plaintiff suffers ongoing pain, and permanent, significantly limited mobility.

**IV.    Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that she suffered a specific injury as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions [to] show that an individual was personally involved in the deprivation of [her] civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his or her official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the agency over which that individual has final policy-making authority.[2]  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).  In

---

[2]  A suit against a defendant in his *individual* capacity seeks to impose personal

addition, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights, absent more, does not make him liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his personal capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Further, under Ninth Circuit law, a defendant can be liable for failure to act. *Id.*

Plaintiff fails to allege when and how either directly Defendant violated her constitutional rights, nor has she alleged facts to support that she was injured as a result of a policy, practice, or custom of the agency over which either Defendant was responsible. Indeed, it appears unnamed prison staff assigned her to work on the roof and, allegedly, failed to ensure she was trained and provided safety equipment in accordance with ADC policies. Because Plaintiff fails to allege any facts against either named Defendant, Plaintiff fails to state a claim.

The Court will dismiss the Complaint with leave to amend. A convicted prisoner's claim for threat to safety or failure to protect arises under the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). To state a claim for failure to protect or threats to safety, a prisoner must allege facts to support that she was incarcerated under conditions posing a *substantial* risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id.* at 837. That is, "the official must

liability upon the official. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For a person to be liable in his individual capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the individual was personally involved in the deprivation of h[er] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). By comparison, a suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky*, 473 U.S. at 165. That is, the real party in interest is not the named defendant, but the entity that employs the defendant. *Id.* To bring a claim against an individual in his official capacity, a plaintiff must allege that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id.* Therefore, in an amended complaint, Plaintiff must name as a defendant the person(s) who allegedly acted with deliberate indifference to a substantial threat of harm to her.

**V.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.    Motion to Appoint Counsel**

As noted above, Plaintiff has filed a motion for appointment of counsel based on his indigence, her imprisonment greatly limits her ability to litigate, the complexity of this case, her lack of education and limited reading and writing ability, and she has been unable to retain pro bono counsel.  There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).  In proceedings

in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**VII.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the

dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $72.40.

(3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(5)    Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied**.

. . . .

. . . .

. . . .

1        (6)    The Clerk of Court must mail Plaintiff a court-approved form for filing a
2    civil rights complaint by a prisoner.
3        Dated this 4th day of May, 2022.
4
5
6
7                                      James A. Teilborg
                              Senior United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JDDL-K

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3.  <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

|                                        |        |                                      |
| -------------------------------------- | ------ | ------------------------------------ |
| <u>Phoenix & Prescott Divisions</u>:   | **OR** | <u>Tucson Division</u>:              |
| U.S. District Court Clerk              |        | U.S. District Court Clerk            |
| U.S. Courthouse, Suite 130             |        | U.S. Courthouse, Suite 1500          |
| 401 West Washington Street, SPC 10     |        | 405 West Congress Street             |
| Phoenix, Arizona   85003-2119          |        | Tucson, Arizona   85701-5010         |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
                 Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

3

1.   <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.   <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

# FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
                (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 12/1/20                                      1                               **550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The  first  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　　　(Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as:
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　　　(Institution)

3.   Name of third Defendant: _____.   The  third  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　　　(Institution)

4.   Name of fourth Defendant: _____.   The  fourth  Defendant  is  employed
as: _____ at_____.
　　　　　　　　　(Position and Title)　　　　　　　　　　　　　　　　　　　　(Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?　　☐ Yes　　　☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

　　　a.   First prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

　　　b.   Second prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

　　　c.   Third prior lawsuit:
　　　　　1.   Parties: _____ v. _____
　　　　　2.   Court and case number: _____.
　　　　　3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
　　　　　　　_____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities       ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count I?      ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                 ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property             ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                      ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count II?                    ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
  ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
  ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
  ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____

_____

_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
       your institution?                                                    ☐ Yes    ☐ No
  b.   Did you submit a request for administrative relief on Count III?      ☐ Yes    ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
       did not.   _____

       _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____          _____
                            DATE                                              SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.


6